UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHLOMO OVED on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ASSET ACCEPTANCE, LLC,<br><br>　　　　　　　Defendant. | Civil Case No. 12-cv-0326-KAM-RML<br>(Hon. Kiyo A. Matsumoto) |

**ASSET ACCEPTANCE, LLC'S ANSWER TO**
**PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

　　　　Defendant Asset Acceptance, LLC (hereinafter referred to as "Asset") by and through its attorneys, Maurice & Needleman, P.C., hereby answer Plaintiff's Amended Complaint as follows:

**INTRODUCTION**

　　　　1.　　　The allegations of this paragraph contain conclusions of law to which no response is required and therefore they are denied.  To the extent that the allegations are deemed factual as to Asset, they are denied.

**PARTIES**

　　　　2.　　　Asset is without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and leaves Plaintiff to his proofs.

　　　　3.　　　The allegations of this paragraph contain conclusions of law to which no response is required.

　　　　4.　　　Admitted.

5. Asset admits only that it is a foreign limited liability company and that its business involves the collection of debts owed to it by third-parties. Whether the third-parties are "consumers" within the meaning of 15 U.S.C. § 1692a(3) is a conclusion of law to which no response is required. If a response is deemed to be required, then Asset is without sufficient personal knowledge to either admit or deny such third-parties are consumers.

6. The allegations of this paragraph contain conclusions of law to which no response is required.

## JURISDICTION AND VENUE

7. The allegations of this paragraph contain conclusions of law to which no response is required.

8. The allegations of this paragraph contain conclusions of law to which no response is required.

9. Asset admits that it attempted to collect a debt from Plaintiff. Asset is without sufficient personal knowledge and information to form a belief as to the truth of the allegation that the debt is a consumer debt and leaves Plaintiff to his proofs. Whether the debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5) is a conclusion of law to which no response is required. By way of further response, the remaining allegations of this paragraph contain conclusions of law to which no response is required.

10. Asset admits only that it spoke with Plaintiff on March 7, 2011 when he called Asset and denies the remaining allegations in this paragraph.

11. The allegations of this paragraph contain conclusions of law to which no response is required.

12. The allegations of this paragraph contain conclusions of law to which no response is required.

13. The allegations of this paragraph contain conclusions of law to which no response is required.

14. The allegations of this paragraph contain conclusions of law to which no response is required.

15. Asset admits that it attempted to contact Plaintiff. Asset is without sufficient personal knowledge and information to form a belief as to the truth of the allegation that it attempted to contact plaintiff "on numerous occasions" and leaves Plaintiff to his proofs.

16. Asset is without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and leaves Plaintiff to his proofs.

17. Asset is without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and leaves Plaintiff to his proofs.

18. The allegations of this paragraph contain conclusions of law to which no response is required.

19. The allegations of this paragraph contain conclusions of law to which no response is required.

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.**

20. Asset repeats and incorporates herein by reference its answers to each of the previous paragraphs.

21. This paragraph does not contain an allegation of fact and no response is required.

22. This paragraph does not contain an allegation of fact and no response is required. If a response is deemed to be required, Asset denies such a class may be certified.

23. This paragraph does not contain an allegation of fact and no response is required. If a response is deemed to be required, Asset denies such a class may be certified.

24. The allegations of this paragraph contain conclusions of law to which no response is required.

    a. The allegations of this paragraph contain conclusions of law to which no response is required. If a response is deemed required, the allegations are denied.

    b. The allegations of this paragraph contain conclusions of law to which no response is required. If a response is deemed required, the allegations are denied.

    c. The allegations of this paragraph contain conclusions of law to which no response is required. If a response is deemed required, the allegations are denied.

    d. The allegations of this paragraph contain conclusions of law to which no response is required. If a response is deemed required, the allegations are denied.

    e. The allegations of this paragraph contain conclusions of law to which no response is required. If a response is deemed required, the allegations are denied.

25. The allegations of this paragraph contain conclusions of law to which no response is required and therefore they are denied. If a response is deemed required, Asset is without

sufficient personal knowledge and information to form a belief as to the truth of the allegations in this paragraph and, accordingly, these allegations are denied.

26. The allegations of this paragraph are conclusions of law to which no response is required and therefore they are denied.

27. The allegations of this paragraph contain conclusions of law to which no response is required and therefore they are denied.

### Violations of the Fair Debt Collection Practices Act

28. The allegations of this paragraph contain conclusions of law to which no response is required and therefore they are denied. To the extent that the allegations are deemed factual as to Asset, they are denied.

29. The allegations of this paragraph contain conclusions of law to which no response is required and therefore they are denied. To the extent that the allegations are deemed factual as to Asset, they are denied.

### AS AND FOR A SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act brought by plaintiff.

30. Asset repeats and incorporates herein by reference its answers to each of the previous paragraphs.

31. Asset is without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and leaves Plaintiff to his proofs. By way of further response, the allegations of this paragraph contain conclusions of law to which no response is required.

32. The allegations of this paragraph contain conclusions of law to which no response is required.

33. The allegations of this paragraph are denied in their entirety. In addition, the allegations of this paragraph contain conclusions of law to which no response is required.

34. The allegations of this paragraph are denied in their entirety. In addition, the allegations of this paragraph contain conclusions of law to which no response is required.

35. The allegations of this paragraph contain conclusions of law to which no response is required.

36. The allegations of this paragraph contain conclusions of law to which no response is required.

37. The allegations of this paragraph contain conclusions of law to which no response is required.

### Violations of the Telephone Communications Privacy Act

38. The allegations of this paragraph contain conclusions of law to which no response is required.

39. The allegations of this paragraph contain conclusions of law to which no response is required.

WHEREFORE, Defendant Asset Acceptance, LLC demands that the complaint be dismissed with prejudice and that they be awarded costs of this action, attorneys' fees and such other relief as this Honorable Court may deem appropriate.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If a violation of the Fair Debt Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

6

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff suffered no actual damages as a result of Asset's alleged conduct.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering statutory damages against Asset in the absence of any showing that Asset violated the FDCPA.

**FIFTH AFFIRMATIVE DEFENSE**

If discovery reveals that any debt identified in Plaintiff's Complaint is subject to an agreement requiring the parties to submit any dispute between them to arbitration, than there is no subject matter jurisdiction over Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff consented to calls to his wireless telephone number.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant did not place calls to Plaintiff using an "automatic telephone dialing system" as defined by 47 U.S.C. 227(a)(1).

    Respectfully Submitted,
    MAURICE & NEEDLEMAN, P.C.
    Attorneys for Defendant
    Asset Acceptance, LLC
By: /s/ Thomas R. Dominczyk
    Thomas R. Dominiczyk, Esq. (TD7835)
    5 Walter E. Foran Blvd., Suite 2007
    Flemington, NJ 08822
    (908) 237-4550
    trd@mnlawpc.com

Date: March 26, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served on this date via ECF and regular mail addressed to the following:

Adam J. Fishbein, Esq.
483 Chestnut Street
Cedarhurst, NY 11516

Dated: March 26, 2012

                                               MAURICE & NEEDLEMAN, P.C.
                                               Attorneys for Defendant
                                             Asset Acceptance, LLC

                                         By: /s/ Thomas R. Dominczyk
                                             Thomas R. Dominiczyk, Esq. (TD7835)
                                             5 Walter E. Foran Blvd.
                                             Suite 2007
                                             Flemington, NJ 08822
                                             (908) 237-4550
                                             trd@mnlawpc.com